**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Leobardo GONZALEZ–VELA,**
**Defendant–Appellant.**

No. 05–40622.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided April 11, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H Michael Sokolow, Molly E. Odom, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM: *

Leobardo Gonzalez–Vela appeals his guilty-plea conviction for unlawful reentry

---

in violation of 8 U.S.C. § 1326(b). In his sole issue on appeal, Gonzalez–Vela argues that § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than as elements of the offense that must be found by a jury is unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Because the Government has not invoked the waiver provisions in the plea agreement, the waiver does not bind Gonzalez–Vela. *See United States v. Story*, 439 F.3d 226, 230–31 (5th Cir.2006).

Gonzalez–Vela's constitutional challenge to § 1326(b) is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Gonzalez–Vela contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Gonzalez–Vela properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.