Octavio Salinas, II, Law Office of Octavio Salinas, Laredo, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM: *

Heriberto Martinez Bravo appeals from the sentence imposed for his guilty-plea conviction for conspiracy to possess with intent to distribute more than 100 kilograms of marijuana. On appeal, he argues that (1) the district court erred by applying the mandatory nature of the Sentencing Guidelines and by failing to state the reasons for the imposed sentence and (2) the district court erred by failing to uphold his objection regarding the over representation of his criminal history. The Government asserts that Martinez Bravo's appeal is barred by the appeal-waiver provision contained in his plea agreement.

Martinez Bravo argues that his appeal-waiver provision is invalid because his plea agreement was accepted before issuance of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). This court has recently rejected that precise argument. *United States v. Burns*, 433 F.3d 442, 450–51 (5th Cir.2005). Martinez Bravo does not challenge the validity of his appeal-waiver provision on any other ground. Accordingly, Martinez Bravo's challenges to his sentence are barred by the appeal-waiver provision in his plea agreement. *See United States v. Melancon*, 972 F.2d 566, 568 (5th Cir.1992).

AFFIRMED.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Antonio DELGADO–GUERRERO,
Defendant–Appellant.

No. 05–40977.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided April 11, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern Dis-

---

trict of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM: *

Antonio Delgado–Guerrero (Delgado) appeals his guilty-plea conviction for being an alien found in the United States after having been deported following an aggravated felony conviction. He argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Because the Government has not invoked the waiver provisions in the plea agreement, the waivers are not binding on Delgado. *See United States v. Story*, 439 F.3d 226, 230–31 (5th Cir.2006).

Delgado's constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Delgado contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298,

163 L.Ed.2d 260 (2005). Delgado properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Accordingly, the judgment of the district court is AFFIRMED.

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Victor Manuel FLORES–ZAMUDIO,
Defendant–Appellant.**

**No. 05–40399.
Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided April 12, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.