United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40622
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LEOBARDO GONZALEZ-VELA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-1119
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

    Leobardo Gonzalez-Vela appeals his guilty-plea conviction

for unlawful reentry in violation of 8 U.S.C. § 1326(b).  In his

sole issue on appeal, Gonzalez-Vela argues that § 1326(b)'s

treatment of prior felony and aggravated felony convictions as

sentencing factors rather than as elements of the offense that

must be found by a jury is unconstitutional in light of Apprendi

v. New Jersey, 530 U.S. 466 (2000).  Because the Government has

not invoked the waiver provisions in the plea agreement, the

--------------------

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

waiver does not bind Gonzalez-Vela.  See <u>United States v. Story</u>, 439 F.3d 226, 230-31 (5th Cir. 2006).

Gonzalez-Vela's constitutional challenge to § 1326(b) is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998).  Although Gonzalez-Vela contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  See <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Gonzalez-Vela properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.