United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41092
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL BARRAZA-PEREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-84-1
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Miguel Barraza-Perez appeals following his guilty plea conviction for illegal reentry into the United States. He argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Because the Government has not invoked the waiver provisions in the plea agreement, the waiver does not bind Barraza-Perez. See United States v. Story, 439 F.3d 226, 230-31 (5th Cir. 2006).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Barraza-Perez's constitutional challenge is foreclosed by
Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).
Although Barraza-Perez contends that Almendarez-Torres was
incorrectly decided and that a majority of the Supreme Court
would overrule Almendarez-Torres in light of Apprendi, we have
repeatedly rejected such arguments on the basis that
Almendarez-Torres remains binding.  See United States v.
Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S.
Ct. 298 (2005).  Barraza-Perez properly concedes that his
argument is foreclosed in light of Almendarez-Torres and circuit
precedent, but he raises it here to preserve it for further
review.  Because Barraza-Perez has shown no error in the judgment
of the district court, that judgment is AFFIRMED.