United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 10, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41269
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVE D. YOUNG,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:04-CR-77-RAS-DDB
--------------------

Before Barksdale, Stewart, and Clement, Circuit Judges.

PER CURIAM:[*]

Steve D. Young appeals his 18-month, guilty-plea sentence for making, uttering and possessing a forged security, in violation of 18 U.S.C. § 513(a). Young argues that the enhancement of his sentence for abuse of a position of trust pursuant to U.S.S.G. § 3B1.3 contravenes the principles announced by the Supreme Court in United States v. Booker, 543 U.S. 220 (2005). As the Government has not invoked the waiver provision

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in Young's plea agreement, the waiver is not binding on Young. See United States v. Story, 439 F.3d 226, 230-31 (5th Cir. 2006).

Where, as in this case, a Booker error has been preserved in the district court, "we will ordinarily vacate the sentence and remand, unless we can say the error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure." United States v. Pineiro, 410 F.3d 282, 284 (5th Cir. 2005) (internal quotation marks and citations omitted).

Young admitted in his factual resume to facts sufficient to prove that he abused a position of trust. See U.S.S.G. § 3B1.3, comment. n.1 (2003); United States v. Brown, 941 F.2d 1300, 1305 (5th Cir. 1991). Because such admissions cannot form the basis for a Booker claim, Young's Booker claim fails. See United States v. Burke, 431 F.3d 883, 889 (5th Cir. 2005).

Young also argues that his sentence should be vacated and his case remanded for resentencing because his sentence was imposed based on the mandatory application of the Sentencing Guidelines. We review his preserved Fanfan challenge for harmless error. See United States v. Walters, 418 F.3d 461, 463-64 (5th Cir. 2005). The Government bears the burden of proving beyond a reasonable doubt that the district court would have imposed the same sentence had the Guidelines been advisory only. Id. at 464.

The sentencing transcript is silent with regard to whether the district court would have imposed the same sentence had the

Guidelines been advisory.  The Government cannot meet its burden.

Accordingly, we vacate Young's sentence and remand the case for

resentencing.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.