United States Court of Appeals
Fifth Circuit

**F I L E D**

June 20, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20072
Conference Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RAMON AGUILERA-ARRIAGA,
also known as Ramon Perez,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-332-ALL
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Ramon Aguilera-Arriaga (Aguilera) appeals following his
guilty plea conviction for illegally reentering the United States
after having been deported.  Aguilera argues that the district
court erred by ordering him to cooperate in the collection of a
DNA sample as a condition of his supervised release.  Such a
claim is not ripe for review on direct appeal.  See United States
v. Riascos-Cuenu, 428 F.3d 1100, 1101-02 (5th Cir. 2005),
petition for cert. filed (Jan. 9, 2006) (No. 05-8662).

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Accordingly, we dismiss this claim for lack of jurisdiction. Id. at 1102.

Aguilera also challenges the constitutionality of 8 U.S.C. § 1326(b). Aguilera's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Aguilera contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Aguilera concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here solely to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.