United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-40332
Conference Calendar

———————————

UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

versus

JOSE MONDRAGON-MALDONADO,

                                                    Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-810-1
---------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Jose Mondragon-Maldonado appeals his conviction and sentence
for unlawful presence in the United States after deportation
following an aggravated felony conviction.  We will not enforce
the appeal waiver in this case because the Government does not
seek to enforce it.  See United States v. Story, 439 F.3d 226,
229-31 (5th Cir. 2006).

    Mondragon-Maldonado argues for the first time on appeal that
the district court abused its discretion when it imposed a

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

condition of supervised release that requires him to cooperate in the collection of his DNA.  This claim is not ripe for review. See United States v. Riascos-Cuenu, 428 F.3d 1100, 1100-01 (5th Cir. 2005), petition for cert. filed (Jan. 9, 2006) (No. 05-8662).  Therefore, this court lacks jurisdiction to review this claim, and this portion of the appeal is dismissed.

Mondragon-Maldonado argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Mondragon-Maldonado's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Mondragon-Maldonado contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Mondragon-Maldonado properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.