United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41592
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ROGELIO HERNANDEZ-ROMERO,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-480-ALL
--------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Rogelio Hernandez-Romero (Hernandez) appeals his guilty-plea

conviction and sentence for unlawfully reentering the United

States after deportation, having previously been convicted of an

aggravated felony.  Hernandez was sentenced to 37 months of

imprisonment, to be followed by a three-year term of supervised

release.  He argues that the "felony" and "aggravated felony"

provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional

in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hernandez's conviction was pursuant to a plea agreement which contained several waivers, including a waiver of the right to appeal his sentence, but he reserved the right to appeal a sentence above the statutory maximum or an upward departure from the Sentencing Guidelines.  The Government argues that some of the waiver provisions in Hernandez's plea agreement preclude his attack on the constitutionality of § 1326(b).  The Government argues that as a result of the waivers, Hernandez lacks standing to challenge the constitutionality of § 1326(b).

We assume, arguendo only, that the waiver does not bar the instant appeal.  Hernandez cannot succeed in this appeal because his constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Hernandez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Hernandez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

The Government's motion to dismiss the appeal is DENIED, and the ruling of the district court is AFFIRMED.