United States Court of Appeals
Fifth Circuit

**F I L E D**

September 7, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 04-11057

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENJAMIN DURAN-RUIZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CR-00035-1
--------------------

Before HIGGINBOTHAM, DENNIS, and CLEMENT, Circuit Judges.

PER CURIUM:[*]

Defendant-appellant Benjamin Duran-Ruiz appeals his sentence of 135 months of incarceration, a five year term of supervised release, and a $100.00 special assessment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Pursuant to a plea agreement, Duran-Ruiz pleaded guilty to count two of his indictment, possession of more than one kilogram of heroin with intent to distribute.

His presentence report (PSR) reflected post-arrest statements made by defendant to DEA agents and task force officers, as well as information given to the DEA by a confidential source. None of these facts were alleged in the indictment, stipulated to in the factual resume, or admitted in his guilty plea. The PSR recommended his base offense level be set at 38 under the United States Sentencing Guidelines (USSG). It further recommended that this base offense level be reduced because (1) defendant met certain statutory criteria under the USSG; and (2) defendant accepted responsibility. After these adjustments, his total offense level was 33, which carried a sentence range of 135-168 months. The court sentenced defendant to 135 months of imprisonment, five years of supervised release, and a $100 special assessment.

The district court then imposed an alternative sentence "...made necessary by the possibility that the

federal sentencing guidelines may hereafter be declared unconstitutional or otherwise inoperative and, as a consequence, the primary judgment in this case reversed on appeal or vacated and set aside pursuant to Title 28, United States Code § 2255." The judge provided that "[t]he sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a), as advisory only." This alternative sentence provided for ten years of imprisonment, five years of supervised release, and a special assessment of $100.

Defendant-appellant appeals on the following bases:

> (1) his sentence violates Blakely v. Washington, 542 U.S. 296 (2004) and U.S. v. Booker, 543 U.S. 220 (2005), in that it, in part, hinged on evidence in the PSR that was not admitted by defendant in his guilty plea nor decided by a jury beyond a reasonable doubt;[1] and

---

[1] Defendant-appellant does not, in his appeal, address the existence of the alternative sentence.

(2) his sentence violates the Sixth Amendment's Confrontation Clause, as interpreted by <u>Crawford v. Washington</u>, 541 U.S. 36 (2004), in that it was based on the testimonial hearsay of DEA agents and a confidential source contained in his PSR.

As to the first basis of appeal, the Government concedes that <u>Blakely</u> and <u>Booker</u> are applicable to the instant case and also that the error incurred was not harmless. Therefore, the issue for this Court is whether the sentence should be vacated and remanded or instead whether the alternative sentence should be imposed.

As to the second basis, defendant's argument is foreclosed by <u>United States v. Navarro</u>, 169 F.3d 228, 236 (5th Cir. 1999), which held that "the constitutional right to confront witnesses does not apply to non-capital sentencing proceedings." Accordingly, we consider only his first basis.

**Analysis**

The limited, yet recent, case law from this Circuit dictates that we vacate Duran-Ruiz's sentence and remand for resentencing.

In United State v. Adair, 436 F.3d 520 (5th Cir. 2006), the court sentenced the defendant under the then-mandatory sentencing guidelines to 240 months imprisonment. The court levied an alternative sentence of fifty-one months "should the sentencing guidelines later be found to be unconstitutional in their entirety...." This Court vacated the defendant's sentence and remanded to the district court for resentencing in accordance with Booker based on the similar case of United States v. Walters, 418 F.3d 461 (5th Cir. 2005). In both Adair and Walters, this Court found that the condition for the alternative sentence, that the sentencing guidelines be declared unconstitutional in their entirety, did not occur. As explained in those cases, Booker did not declare the guidelines unconstitutional in toto but instead merely rendered them advisory. Adair 436 F.3d at 528. These cases suggest that if the alternative sentence lacked the

condition that the guidelines be declared unconstitutional *in their entirety*, then the alternative sentence could be imposed, assuming any other conditions are met.

However, United States v. Story, 439 F.3d 226 (5th Cir. 2006), dispels the implications of both Walters and Adair. In Story, the judge orally imposed two alternative sentences. The first is the only one applicable. In the relevant alternative sentence, the court imposed an identical incarceration time as that provided in the Guideline-governed sentence, in the event the Guidelines "are declared to be unconstitutional." Story, 439 F.3d at 229. The judge did not mention the scope of the declaration of unconstitutionality of the Guidelines, i.e., it did not predicate the alternative sentence on a declaration of unconstitutionality of the Guidelines *in their entirety*, as did the judge in Adair and Walters.

In Story, the government argued that the case should not be remanded for resentencing because the defendant's sentence fit within the first alternative sentence pronounced by the district court. Stated differently,

the government argued the condition was met because, it alleged, Booker declared the Guidelines, to some extent, unconstitutional. This court disagreed. Referencing Adair, we stated, "[i]n a recent case[2] in which a district judge imposed similarly worded alternative sentences, we found that the trigger for the first alternative sentence, the Guidelines being declared unconstitutional in their entirety, did not occur. Likewise, this trigger did not occur to activate Story's first alternative sentence." Id. at 233. (Internal citation omitted). Although the district judge in Story predicated the alternative sentence on the Guidelines being declared unconstitutional and did not mention the scope of the unconstitutionality, the Court still found the trigger of the alternative sentence not met.

## Conclusion

Because of this court's clarification of Adair in the Story case, it is evident that the position of the Fifth Circuit is that alternative sentences predicated on a declaration of the unconstitutionality of the Sentencing

---

[2]  The court here is referring to Adair.

Guidelines should not be imposed.  Therefore, we vacate the defendant's sentence and remand the case for resentencing.