United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40897
c/w No. 05-41087
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FELIPE LOPEZ-RODRIGUEZ,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-160-ALL
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Felipe Lopez-Rodriguez (Lopez) appeals his conviction and
sentence for illegal reentry following deportation.  Lopez
contends that his prior Texas conviction for simple possession of
a controlled substance is a misdemeanor under federal law and
should not have been treated as an "aggravated felony" under
U.S.S.G. § 2L1.2(b)(1)(C).  Lopez's argument is unavailing in
light of this court's precedent.  See United States v. Rivera,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

265 F.3d 310, 312-13 (5th Cir. 2001); United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997).

Lopez argues that this circuit's precedent is inconsistent with Jerome v. United States, 318 U.S. 101 (1943).  Having preceded Hinojosa-Lopez, Jerome is not "an intervening Supreme Court case explicitly or implicitly overruling that prior precedent."  See United States v. Short, 181 F.3d 620, 624 (5th Cir. 1999).  This contention provides no ground for relief.

Lopez argues, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), that his three-year term of supervised release exceeds the statutory maximum sentence allowed for the 8 U.S.C. § 1326(a) offense charged in his indictment.  He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Lopez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Lopez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Lopez properly concedes that his argument is foreclosed in light of

Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

The judgment of the district court is AFFIRMED.