United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40030
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS FERMIN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-724
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jose Luis Fermin appeals his guilty-plea conviction of, and
sentence for, violating 8 U.S.C. § 1326 by being found in the
United States without permission after deportation. He argues,
in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), that the
33-month term of imprisonment imposed in his case exceeds the
statutory maximum sentence allowed for the § 1326(a) offense
charged in his indictment. He challenges the constitutionality
of § 1326(b)'s treatment of prior felony and aggravated felony

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

convictions as sentencing factors rather than elements of the offense that must be found by a jury.

The Government does not seek to invoke the appellate waiver provision in Fermin's plea agreement and has thus waived the issue. See United States v. Story, 439 F.3d 226, 230-31 (5th Cir. 2006). Fermin's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Fermin properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.