United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40197
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ELMER ESTUARDO SOPONY-VALENZUELA, also known as Julio Rene
Cardona-Rodriguez,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-690-ALL
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Elmer Estuardo Sopony-Valenzuela appeals his guilty-plea

conviction and sentence for illegal reentry following deportation

in violation of 8 U.S.C. § 1326.  He challenges the

constitutionality of § 1326(b)'s treatment of prior felony and

aggravated felony convictions as sentencing factors rather than

as elements of the offense that must be found by a jury in light

of Apprendi v. New Jersey, 530 U.S. 466 (2000).

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government does not seek to invoke the appeal waiver and has thus waived the issue.  See United States v. Story, 439 F.3d 226, 230-31 (5th Cir. 2006).  Sopony-Valenzuela's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Sopony-Valenzuela contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Sopony-Valenzuela properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.