United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 3, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50084
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE JIAMON ZELAYA-PARADA, also known as Jose Jaime
Zelaya-Parada, also known as Jose Jaime Zelaya, also known
as Jose Jaime Parada

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-1713-ALL
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Zelaya-Parada appeals his guilty-plea conviction of, and

sentence for, violating 8 U.S.C. § 1326 by being found in the

United States without permission after deportation.

Zelaya-Parada argues, in light of Apprendi v. New Jersey, 530

U.S. 466 (2000), that the 31-month term of imprisonment imposed

in his case exceeds the statutory maximum sentence allowed for

the § 1326(a) offense charged in his indictment. He challenges

the constitutionality of § 1326(b)'s treatment of prior felony

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Zelaya-Parada's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Zelaya-Parada properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Zelaya-Parada also argues that his guilty plea is not valid because (1) the district court failed to give him full and correct information regarding the maximum statutory penalty that he would face for the offense and (2) the factual basis for his plea was insufficient to establish that he was "found in" the United States. Zelaya-Parada's first argument is premised on the unconstitutionality of § 1326. However, the Supreme Court has held that § 1326 is constitutional. Almendarez-Torres, 523 U.S. at 246. As to the second argument, Zelaya-Parada has not shown plain error. See United States v. Vonn, 535 U.S. 55, 1054-55 2002; United States v. Pacheco-Medina, 212 F.3d 1162, 1163-64 (9th Cir. 2000).

As the Government seeks to enforce Zelaya-Parada's waiver of sentencing issues and the waiver is valid, we do not address

those issues.  See United States v. Story, 439 F.3d 226, 230-31

(5th Cir. 2006).

AFFIRMED.