# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 27, 2010

No. 09-40420
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HUMBERTO GARCIA-TOSCANO, also known as Humberto Garcia,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:03-CR-674-1

Before WIENER, PRADO and OWEN, Circuit Judges.

PER CURIAM:[*]

Humberto Garcia-Toscana (Garcia) challenges the 360-month sentence he received following his conviction by jury for conspiracy to possess with the intent to distribute more than 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 846, possession with the intent to distribute more than 100 but less than 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 841(a), money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A), engaging in monetary transactions in property derived from specified unlawful activity, in violation of 8 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1956(a)(1)(B), and engaging in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. § 1957. Garcia argues that his sentence is invalid because it was imposed under the formerly mandatory version of the Guidelines, based on facts that were neither admitted by him nor found by a jury. He also contends that the district court erred in enunciating an alternate sentence.

Garcia's assertion of sentencing error is meritorious. *See United States v. Booker*, 543 U.S. 220 (2005). He preserved this error by raising an objection to his sentence grounded in *Blakely v. Washington*, 542 U.S. 296 (2004). *See United States v. Garza,* 429 F.3d 165, (5th Cir. 2005). When, as is the case here, a *Booker* error has been preserved in the district court, we "will ordinarily vacate the sentence and remand, unless [this court] can say the error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure." *United States v. Pineiro*, 410 F.3d 282, 284 (5th Cir. 2005) (internal quotation marks and citation omitted). The Government has not met its "arduous" burden of demonstrating "beyond a reasonable doubt that the Sixth Amendment *Booker* error did not affect the sentence that [Garcia] received." *Id.* at 285, 287. Further, it would not be appropriate for us to impose the alternate sentence articulated by the district court. *See United States v. Story*, 439 F.3d 226, 233 (5th Cir. 2006); *United States v. Adair*, 436 F.3d 520, 524, 527-29 (5th Cir. 2006). Consequently, Garcia's sentence is VACATED, and the case is REMANDED FOR RESENTENCING. His convictions are AFFIRMED.