## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 9, 2011

No. 10-41145
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HUMBERTO GARCIA, also known as Humberto Garcia-Toscano,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:03-CR-674-1

Before WIENER, GARZA,  and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Humberto Garcia was convicted by a jury of conspiracy to possess with intent to distribute marijuana (count 1), possession with intent to distribute marijuana (counts 3 & 4), money laundering (count 5), and engaging in a monetary transaction with respect to property derived from illegal activities (counts 6, 7, and 8).  Thereafter, we vacated Garcia's sentence and remanded for resentencing in light of the holding in *United States v. Booker*, 543 U.S. 220, 244 (2005).  *United States v. Garcia-Toscano*, No. 09-40420 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. July 27, 2010) (unpublished).   On remand, the district court granted Garcia's objections to several sentencing enhancements.  It sentenced Garcia at the bottom of the recalculated guidelines imprisonment range to concurrent 262-month terms of imprisonment as to counts 1, 3 and 4, to concurrent 240-month terms of imprisonment as to counts 5, 6, and 7, and to a concurrent 120-month term of imprisonment as to count 8.  Garcia was ordered to serve concurrent five-year periods of supervised release, and, unlike the original sentence, no fine was imposed.  The net effect of the district court's rulings was to reduce Garcia's total term of imprisonment by 98 months.  Garcia gave timely notice of his appeal.

Garcia contends that the sentence imposed was substantively unreasonable because it resulted in an unwarranted sentencing disparity between his sentence and the sentence imposed on one of his codefendants, and because the sentence failed to account adequately for his lack of a criminal history and other characteristics and the nature and circumstances of the offense.  Properly calculated within-guidelines sentences are presumed to be reasonable. *United States v. Diaz*, 637 F.3d 592, 603 (5th Cir. 2011).  Garcia has failed to rebut this presumption.  *See id.*  The judgment is

AFFIRMED.