# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 21, 2011

No. 10-30485
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL LEE FORD,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:09-CR-14-1

Before WIENER, PRADO and OWEN, Circuit Judges.

PER CURIAM:[*]

Michael Lee Ford challenges his within-guidelines 60-month consecutive sentence imposed following his guilty plea conviction for possession of a firearm during a drug-trafficking offense. Ford contends that the language of the statute of conviction, 18 U.S.C. § 924(c)(1)(A), prohibits the imposition of a consecutive sentence when a defendant is subject to a greater minimum sentence. Because Ford was subject to a greater minimum sentence in connection with his conviction on another count for possession with the intent to distribute crack

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cocaine, he asserts that he should not have received the consecutive 60-month sentence.  The Government seeks the enforcement of the appeal waiver contained in Ford's plea agreement and requests the dismissal of this appeal. Ford does not challenge the validity of the appeal waiver or argue that any of its exceptions apply.

The record shows that Ford's appeal waiver is valid.  *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).  The Government seeks enforcement of the waiver and dismissal of the appeal.  *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006).  Although a valid waiver does not implicate our jurisdiction, *see id.* at 230, Ford's appeal of his sentence is clearly barred by the waiver.  Moreover, his argument is foreclosed by Supreme Court precedent in *Abbott v. United States*, 131 S. Ct. 18, 23 (2010).

The appeal is DISMISSED.