# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 24, 2013

Lyle W. Cayce
Clerk

No. 12-30344
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

TAMMY COPELAND,

Defendant–Appellant.

Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:10-CR-26-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Tammy Copeland pleaded guilty, pursuant to a plea agreement, to using

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

interstate facilities to commit murder for hire. She waived the right to appeal her conviction and sentence on most grounds but retained the right to challenge a sentence that exceeded the statutory maximum or advisory sentencing guideline range or that constituted an upward departure from the guidelines. She also retained the right to bring a claim of ineffective assistance of counsel ("IAC"). The district court imposed a sentence of eighty-four months, well below the advisory range of 120 months. Copeland challenges the substantive reasonableness of her sentence, contending that it is greater than necessary to achieve the purposes of sentencing and specifically that it creates unwarranted sentence disparities and fails to take into account her history and characteristics.

The government seeks to enforce the appeal waiver. Copeland claims that appeal waivers are invalid and unenforceable. She also contends that her waiver was not knowing and voluntary, asserting that her trial counsel did not adequately explain the consequences of the waiver and pressured her into accepting the plea agreement. Copeland did not object to the validity of the waiver during the plea colloquy, so our review is for plain error only. *See United States v. Oliver*, 630 F.3d 397, 411 (5th Cir. 2011).

As for Copeland's suggestion that we deem appeal waivers invalid and unenforceable, her argument is unavailing. Appeal waivers are valid if they are knowing and voluntary. *United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006).

Moreover, Copeland's representations at rearraignment belie her assertion that the waiver was not knowing or voluntary. When Copeland pleaded guilty, she repeatedly affirmed that she understood the appeal-waiver provision and noted that she had reviewed it with counsel "[a]t length." She told the court that she had no questions about the waiver, was satisfied with counsel's advice regarding it, was not coerced, and completely understood the waiver. Although she attempts to walk back those representations now, her "solemn declarations in open court carry a strong presumption of verity." *United States v. McKnight*,

570 F.3d 641, 649 (5th Cir. 2009) (internal quotation marks and citation omitted).

Copeland has shown no error, plain or otherwise. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). Because she has not established that the waiver is invalid; thus, we will not address her argument regarding substantive reasonableness. *See Story*, 439 F.3d at 231.

To the extent that Copeland contends that trial counsel rendered IAC by failing to advise her properly of the ramifications of waiving her right to appeal, she preserved the right to raise that issue, but we generally do not consider IAC claims on direct appeal, and the record is not sufficiently developed for us to address Copeland's claim here. *See United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006).

The judgment of conviction and sentence is AFFIRMED.