**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 2, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-41323
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PAUL JEROME STORY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
_____

Before GARWOOD, PRADO, AND OWEN, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:

Paul Jerome Story appeals his sentence contending that the district court improperly calculated his base level offense using facts not found by a jury or admitted by plea, in violation of United States v. Booker, 125 S. Ct. 738 (2005). The government responds that the district judge provided an alternative sentence in the event that Booker declared the Federal Sentencing Guidelines ("Guidelines") advisory rather than mandatory. We find the district judge's pronouncement of alternative sentences ambiguous and therefore VACATE and REMAND for resentencing.

**I**

On September 26, 2003, officers executing a search warrant at Story's home found eleven firearms, a small quantity of methamphetamine, precursor chemicals, drug paraphernalia, and other items typically used in a methamphetamine lab. Story pleaded guilty to a one-count indictment charging him with possession of a firearm as an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3). Story stipulated that he used methamphetamine and that he had knowingly possessed a Mossberg, Model 500E, .410 gauge caliber shotgun.

Under United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 2K2.1, section 922(g) has a base offense level of 12. However, the probation officer concluded that Story's base offense level was 18, pursuant to U.S.S.G. § 2K2.1(a)(5), because the firearms found by the officers included a "Norinco," a semiautomatic assault weapon specifically listed in 18 U.S.C. § 921(a)(30).[1] In addition, the probation officer increased the base offense level by four pursuant to U.S.S.G. § 2K2.1(b)(1)(B) because officers found eleven firearms at Story's home.[2] Finally, the probation officer increased the base offense level by an additional four pursuant to U.S.S.G. § 2K2.1(b)(5) because

---

[1] This subsection was repealed on September 13, 2004.

[2] Section 2K2.1(b)(1)(B) allows for an increase of four where the firearms number between eight and twenty-four.

Story possessed a firearm in connection with the felony offenses of possessing methamphetamine and possessing ingredients used to manufacture methamphetamine. The probation officer reported that Story did not qualify for a downward adjustment for acceptance of responsibility because he had twice tested positive for methamphetamine while on pretrial supervision. Thus, the probation officer concluded the total offense level was 26. Having a criminal history category of I, Story's punishment under the Guidelines could range from 63 to 87 months. The district judge gave Story a 63-month sentence.

Story's 63-month sentence was based in part on facts that he did not admit in his plea or stipulate in the factual basis. Story objected that the enhancements for the number of weapons and for his possession of a weapon in connection with another felony were barred by Blakely v. Washington and that he should be granted a three-level downward adjustment for acceptance of responsibility.[3] He did not make a Blakely objection to the probation officer's assignment of base offense level 18 based on Story's possession of the Norinco semiautomatic weapon prohibited under § 921(a)(30). The district court overruled Story's objections and adopted the factual findings in the probation officer's presentence report. Since Story's sentencing

---

[3] At the time of Story's trial, Booker had not yet been decided, but a Blakely objection preserves the error. United States v. Pineiro, 410 F.3d 282, 285-86 (5th Cir. 2005).

proceeding occurred prior to the Booker opinion, the district judge likely assumed the Guidelines were mandatory, pursuant to 18 U.S.C. § 3553(b)(1).[4] The district judge sentenced Story to a 63-month term of imprisonment and a three-year term of supervised release.

In anticipation of Booker, the district judge orally imposed two alternative sentences. First, the court imposed "an alternative sentence in the event the Guidelines are declared to be unconstitutional and that would be the same term of imprisonment as the Court has imposed under the Guidelines." Second, the court imposed an alternative sentence

> in the event the Guidelines are—[if] it's determined that they can be applied in a Constitutional manner by adhering to the rules set out in Blakely. In other words, if the jury either finds beyond a reasonable doubt that the enhancement factors are there or they're admitted to by the Defendant. And that sentence, that Blakely sentence I'll call it, would be a term of imprisonment of 21 months.

The written judgment does not include the alternative sentences imposed by the district court.

Story filed a timely appeal. However, Story's plea agreement included the following appeal waiver provision:

> Except as otherwise provided in this agreement, the Defendant expressly waives the right to appeal his sentence on all grounds, including an appeal of sentencing pursuant

---

[4] This section states that a court "shall impose a sentence of the kind, and within the range" provided by the United States Sentencing Guidelines. This section was later held unconstitutional by Booker because of its mandatory nature. 125 S. Ct. 738, 764 (2005).

> to 18 U.S.C. [§] 3742.  The Defendant further agrees not to contest his sentence in any post conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. 2255.  The Defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum; (b) any upward departure from the guideline range deemed most applicable by the sentencing court; (c) arithmetic errors in the Guidelines calculations; and (d) a claim of ineffective assistance of counsel that affects the validity of the waiver itself.  The Defendant knowingly and voluntarily waives his right to appeal in exchange for the concessions made by the Government in this argument and with full understanding that the Court has not determined his sentence.

The government has not sought to enforce the appeal waiver nor has it explicitly declined to seek its enforcement.  In fact, neither party mentions the appeal waiver in their respective briefs.

**II**

Fifth Circuit jurisprudence has not been consistent in its treatment of whether or not appeal waivers implicate this court's jurisdiction.  We set this issue for review <u>sua sponte</u> to clarify an apparent discrepancy in our case law.

In one line of cases, where the government has sought to enforce defendants' appeal waivers, this court has either explicitly referred to our lack of jurisdiction to hear the case at hand, or granted the government's motion to dismiss the appeal pursuant to the appeal waiver, but without any jurisdictional

analysis in either case.[5]  See, e.g., United States v. McKinney, 406 F.3d 744, 746 (5th Cir. 2005)(concluding that the defendant's appeal waiver applied to his claim on appeal and dismissing the appeal); United States v. Martinez, 263 F.3d 436, 438 (5th Cir. 2001)(finding that the defendant's waiver of his right to appeal deprived the court of jurisdiction); United States v. White, 258 F.3d 374, 380 (5th Cir. 2001)(noting that waiver of appeal provisions in plea agreements "are routinely held to deprive appellate courts of jurisdiction to hear appeals of sentencing issues").

In another line of cases, we have not treated appeal waivers as implicating jurisdiction where the government failed to request enforcement of the appeal waiver or explicitly declined to seek enforcement of the appeal waiver.  In these cases, we did not raise the issue sua sponte or enforce the waiver where the parties did not mention the waiver in their briefs.  Recently, we

_____

[5] Those cases that granted the government's motion to dismiss based on the defendant's applicable appeal waiver without jurisdictional analysis were certainly not incorrect.  As we explain below, a defendant's waiver of appeal may entitle the government to dismissal on contractual grounds.  These cases, however, sometimes followed earlier ones that explicitly raised the issue of jurisdiction.  "'Clarity would be facilitated if courts and litigants used the label "jurisdictional" . . . only for prescriptions delineating the classes of cases (subject matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority.'" Scarborough v. Principi, 541 U.S. 401, 413-14 (2004)(quoting Kontrick v. Ryan, 540 U.S. 443, 454-55 (2004)). The two justifications for dismissal, working in tandem without explanation, have muddled our jurisprudence.

declared that appeal waivers are not jurisdictional, but did not cite to any authority. United States v. Kennedy, 137 F. App'x. 685, 686 (5th Cir. 2005). In Kennedy, we did not dismiss the defendant's appeal based on the assumption that the government did not wish that the appeal waiver be enforced because it made no mention of the appeal waiver in its brief. Id. at 686-87. In United States v. Rhodes, "in the absence of published authority dictating otherwise," this court chose not to enforce an appeal waiver where the government explicitly chose not to rely on it. 253 F.3d 800, 804 (5th Cir. 2001). Several cases thereafter followed Rhodes. See, e.g., United States v. Alanis-Zuniga, 135 F. App'x 759, 759 (5th Cir. 2005); United States v. Saldua, 120 F. App'x 553, 554 (5th Cir. 2005); United States v. Trevino, 125 F. App'x 549, 549 n.2 (5th Cir. 2005); United States v. Castro-Aguilar, 150 F. App'x 335, 336 (5th Cir. 2005). These cases do not provide analysis supporting the conclusion that appeal waivers do not implicate a court's jurisdiction.

This court's attention to jurisdiction with regard to appeal waivers is misplaced, see, e.g., Martinez, 263 F.3d at 438, United States v. White, 258 F.3d at 380, because such waivers do not deprive us of jurisdiction.[6] We have jurisdiction to hear

---

[6] Other courts have also found that appeal waivers do not deprive them of jurisdiction. See United States v. Mason, 343 F.3d 893 (7th Cir. 2003)("[W]aiver of appeal rights does not deprive us of our appellate jurisdiction . . . ."); United States v. Hines, 196 F.3d 270, 273 (1st Cir. 1999)("Nor is this a case

Story's appeal pursuant to both 28 U.S.C. § 1291 and 18 U.S.C. § 3742. See United States v. Hahn, 359 F.3d 1315, 1320 (10th Cir. 2004). The district court's entry of Story's sentence is a final decision and § 1291 confers subject matter jurisdiction upon this court. See Corey v. United States, 375 U.S. 169 (1963)("'Final judgment in a criminal case . . . means sentence. The sentence is the judgment.'")(quoting Berman v. United States, 302 U.S. 211, 212 (1937)). Further, our jurisdiction to hear Story's appeal of his sentence is conferred by § 3742, which states, "[a] defendant may file notice of appeal . . . if the sentence . . . was imposed in violation of the law [or] was imposed as a result of an incorrect application of the sentencing guidelines . . . ." Both of these alternatives in § 3742 apply to the instant case because Story contends his sentence violated Booker.

Notwithstanding this court's jurisdiction to hear appeals of defendants' sentences pursuant to § 3742, the defendant's statutory right to appeal, also conferred by § 3742, may be waived by defendants. Waiver of statutory rights by voluntary agreement of parties is not prohibited absent an affirmative indication of Congress's intent to preclude waiver. United States v. Dodson, 288 F.3d 153, 160 (5th Cir. 2002)(citing United States v. Mezzanatto, 513 U.S. 196, 201 (1995)). Further, plea agreements, as long as they are made voluntarily and

in which a valid waiver deprives us of 'jurisdiction' . . . .").

intelligently, are not constitutionally prohibited. Mabry v. Johnson, 467 U.S. 504, 508-09 (1984). Thus, a defendant may waive his or her right to appeal under § 3742 in a written plea agreement, as long as the waiver is done voluntarily and intelligently. United States v. Baymon, 312 F.3d 725, 727 (5th Cir. 2002).

We analyze waivers of appeal in plea agreements using contract law. United States v. Cantu, 185 F.3d 298, 304 (5th Cir. 1999). Other circuits agree that plea agreements are construed under the principles of contract law. United States v. Cimino, 381 F.3d 124, 127 (2d Cir. 2004); United States v. Kelly, 337 F.3d 897 (7th Cir. 2003); United States v. Franco-Lopez, 312 F.3d 984, 989 (9th Cir. 2002); United States v. McQueen, 108 F.3d 64, 66 (4th Cir. 1997).

A party may waive a contract provision that is beneficial to it. See 13 WILLISTON ON CONTRACTS § 39:36 (4th ed.)("The general view is that a party to a written contract can waive a provision of that contract by conduct expressly or surrounding performance . . . ."). When Story pleaded guilty to § 922(g)(3), he agreed to include a provision in his plea agreement in which he waived his right to appeal his sentence. Without a doubt, Story's waiver of appeal is beneficial to the government. Story's waiver of appeal is enforceable to the extent that the government invokes the waiver provision in his plea agreement. In the

absence of the government's objection to Story's appeal based on his appeal waiver, the waiver is not binding because the government has waived the issue.  We move to the merits of Story's appeal.

**III**

Story raised and preserved his <u>Booker</u> challenges to the district court's sentence both at the trial court level and on appeal.  Specifically, Story objected to the findings that he possessed a certain number of firearms and that he used a firearm in connection with another felony offense.  Story argues that the district judge enhanced his sentence based on judicial factfinding, not on facts stipulated by the Defendant or on a jury determination of fact.  Thus, he contends, based on the indictment, the facts established during the guilty plea, and an adjustment for acceptance of responsibility, the advisory guideline range is no more than 18 to 24 months.  Story maintains that the 63-month sentence imposed by the district court violates <u>Booker</u> and that the case must be remanded for imposition of the 21-month alternative sentence or for resentencing.

The government does not dispute that the district court's determination of Story's current sentence violated <u>Booker</u>, but it argues that a remand for resentencing is unnecessary because the record shows that the district court would have imposed the same

63-month sentence had it exercised its discretion under advisory Guidelines. The government urges that Story's current sentence should be affirmed because it is "reasonable" under Booker.[7] The government does not contest that Story's sentence enhancements were pursuant to judicial factfinding, but it argues that the district judge in its pronouncement of alternative sentences provided for the event that the Guidelines were declared advisory rather than mandatory. Thus, the government argues that Story's case should not be remanded for resentencing because his 63-month sentence fits within the first alternative sentence pronounced by the district court.

We review an appellant's claim that the district court incorrectly applied constitutional standards de novo. U.S. v. Shaw, 920 F.2d 1225 (5th Cir. 1991).

The district court's alternative sentences were not included in the written judgment but were made orally. "[W]hen there is a conflict between a written sentence and an oral pronouncement, the oral pronouncement controls." United States v. Martinez, 250 F.3d 941, 942 (5th Cir. 2001). "If, however, there is merely an ambiguity between the two sentences, the entire record must be

---

[7] Booker noted that the Guidelines "continue[] to provide for appeals from sentencing decisions . . . irrespective of whether the trial judge sentences within or outside the Guidelines range in the exercise of his discretionary power" since 10 U.S.C. § 3553(a) guides appellate courts in determining if a sentence is unreasonable. Booker, 125 S.Ct. at 765.

examined to determine the district court's true intent." Id. In this case, there is a conflict between the oral pronouncement and the written judgment because the written judgment does not mention the alternative sentencing scheme; therefore, the oral pronouncement controls. But there is an ambiguity in the oral pronouncement itself, and we cannot ascertain the district court's true intent from an examination of the record.

The district court sentenced Story to a 63-month term of imprisonment based on a mandatory application of the Guidelines. But in its oral pronouncement, the court provided two sentencing alternatives in anticipation of Booker. The first alternative sentence of 63 months was to take effect if "the Guidelines are declared unconstitutional." The second alternative sentence of 21 months was to take effect if "it's determined that [the Guidelines] can be applied in a Constitutional manner by adhering to the rules set out in Blakely." The record shows that the district court anticipated that Blakely might invalidate the Guidelines and was trying to exercise its discretion in sentencing Story. In the first alternative sentence, the district judge anticipated that Booker would completely invalidate the Guidelines; in the second alternative sentence, he anticipated that Booker would hold the Blakely principle applicable to the Guidelines, but did not necessarily anticipate that it would render the Guidelines advisory.

In a recent case in which a district judge imposed similarly worded alternative sentences, we found that the trigger for the first alternative sentence, the Guidelines being declared unconstitutional in their entirety, did not occur. United States v. Adair, No. 04-30859, 2006 WL 73755 at *6 (5th Cir. Jan. 13, 2006)(citing United States v. Walters, 418 F.3d 461 (5th Cir. 2005)). Likewise, this trigger did not occur to activate Story's first alternative sentence. With regard to the second alternative sentence, we noted in Adair that "there is no way for us to discern precisely what the district court meant when it conditioned [defendant's] alternate sentence on the Supreme Court's application of Blakely to the sentencing guidelines." Id. at *7. Similar to Adair, there is nothing in the record before us to suggest that the district judge anticipated the remedial holding in Booker, such that he considered the Guidelines as one factor among others in determining Adair's sentence.

Criminal sentences must "reveal with fair certainty the intent of the court to exclude any serious misapprehensions by those who must execute them." United States v. Daugherty, 269 U.S. 360, 363 (1926). Daugherty dictates that "the interest of judicial economy and fairness to all concerned parties" require that unclear or ambiguous sentences be vacated and remanded for clarification. United States v. Patrick Petroleum Corp., 703

F.2d 94 (5th Cir. 1982); see also United States v. Walters, 418 F.3d 461 (5th Cir. 2005)(remanding for resentencing where the court found ambiguity in the lower court's alternative sentences); United States v. Garcia-Ortiz, 310 F.3d 792, 795 (5th Cir. 2002)("In light of the ambiguity in the record, the best course is to remand the case for reconsideration of the sentence.").

It is unclear whether the district judge anticipated that the Supreme Court would take the remedial measure of rendering the Guidelines advisory rather than completely invalidating them. Thus, we find that Story's sentence is ambiguous, and thus we cannot remand for imposition of the second alternative sentence. We VACATE and REMAND for sentencing proceedings consistent with this opinion.