United States Court of Appeals

Fifth Circuit

**F I L E D**

May 4, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50501
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN DORAL ROBINSON,
also known as KD Robinson,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:03-CR-38-1
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     This court affirmed the sentence of Kevin Doral Robinson.

United States v. Robinson, 115 F. App'x 246 (5th Cir. 2004),

cert. granted, vacated and remanded, 125 S. Ct. 1946 (2005). The

Supreme Court vacated and remanded for further consideration in

light of United States v. Booker, 543 U.S. 220 (2005). We

requested and received supplemental letter briefs addressing the

impact of Booker.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Robinson argues that in light of Booker, his sentence must be vacated because it was based on judicial fact-findings made in violation of the Sixth Amendment. He specifically challenges the constitutionality of the district court's drug quantity calculation and the enhancement to his sentence for possession of a firearm. Robinson asserts that the record reflects that the district court would "likely" impose a lesser sentence if his case was remanded.

As an initial matter, because the Government has not invoked the waiver provisions in the plea agreement, this appeal of Robinson's sentence is not precluded. See United States v. Story, 439 F.3d 226, 230-31 (5th Cir. 2006). Robinson concedes that he did not raise a constitutional challenge to his sentence before the district court and that review is for plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). The district court did commit Booker error because Robinson's sentence was enhanced based on the district court's findings as to the drug quantity calculation and the firearm enhancement. See Booker, 543 U.S. at 244. However, Robinson fails to meet his burden of showing that the error affected his substantial rights. See Mares, 402 F.3d at 521. There is nothing in the record indicating that the district court would have imposed a lower sentence under an advisory guidelines scheme. See id.

Because nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case, we

reinstate our judgment affirming Robinson's conviction and sentence.

AFFIRMED.