United States Court of Appeals
Fifth Circuit

**F I L E D**

June 5, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-40230
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODERICK ELLIOT,

Defendant-Appellant.

**Appeal from the United States District Court
for the Eastern District of Texas
(4:03-CR-105-ALL)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Roderick Elliot appeals his conviction and sentence for conspiracy to damage a protected computer. He claims: the Government breached the plea agreement by recommending a "particular" term of imprisonment; and he was sentenced in contravention of ***United States v. Booker***, 543 U.S. 220 (2005).

Whether the Government breached the plea agreement is reviewed only for plain error because Elliot did not object in district court. *E.g.,* ***United States v. Munoz***, 408 F.3d 222, 226 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2005).  The Government reserved the right to oppose any sentence that, in its opinion, was outside the Sentencing Guidelines, and defense counsel's request that Elliot receive only six months of shock incarceration was prohibited both by the Guidelines and the applicable statute.  *See* U.S.S.G. § 5F1.7, cmt. a; 18 U.S.C. § 4046(a).  Elliot has shown no error, plain or otherwise.

Elliot's plea agreement contained an appeal waiver; however, the Government's failure to enforce that provision renders it nonbinding, permitting our reaching the ***Booker*** claim.  *See **United States v. Story***, 439 F.3d 226, 231 (5th Cir. 2006).  That claim was preserved in district court.  The district court imposed a discretionary, alternative sentence identical to the one it had imposed under the mandatory Guidelines, to become effective should the Supreme Court declare the Guidelines unconstitutional. Therefore, the Government has carried its burden of proving the ***Booker*** error harmless.  *See **United States v. Saldana***, 427 F.3d 298, 314 (5th Cir.), *cert. denied*, 126 S. Ct. 810 (2005).

***CONVICTION AND SENTENCE AFFIRMED***