United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41289
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHAWN TRAVIS JONES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-175-TH-ESH-2
--------------------

Before SMITH, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Shawn Travis Jones appeals his sentence following his guilty plea conviction for carjacking. He argues that, in light of United States v. Booker, 543 U.S. 220 (2005), his sentence must be vacated because it was based on judicial fact-findings made in violation of the Sixth Amendment. Specifically, Jones challenges the enhancements to his sentence for brandishing a firearm and abducting his victims. He also challenges the district court's denial of a reduction to his sentence for being a minor

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

participant. As the Government has not invoked the waiver provision in the plea agreement, the waiver is not binding on Jones. See United States v. Story, 439 F.3d 226, 230-31 (5th Cir. 2006).

The finding by the district court that Jones could have "reasonably foreseen" that his co-defendant would brandish a firearm during the carjacking was necessary to support the enhancement to Jones's sentence. See United States v. Burton, 126 F.3d 666, 679 & n.23 (5th Cir. 1997). Since Jones never admitted the fact that it was "reasonably foreseeable" to him that his co-defendant would brandish a firearm during the carjacking, the enhancement violated the Sixth Amendment. See Booker, 543 U.S. at 244. The Government concedes that Jones preserved this error for appeal. The Government, however, has not shown beyond a reasonable doubt that the error was harmless. See United States v. Pineiro, 410 F.3d 282, 284-85 (5th Cir. 2005). Accordingly, Jones's sentence is vacated, and this case is remanded for resentencing. Because we remand for resentencing based on the brandishing of a firearm enhancement, we do not reach Jones's arguments with respect to the enhancement for abducting his victims and the denial of a reduction for being a minor participant.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.