United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40117
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES BOYD HAMILTON, also known as Bubba,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:04-CR-185-3
--------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

James Boyd Hamilton pleaded guilty to conspiracy to manufacture, distribute, or possess with intent to manufacture, distribute, or dispense methamphetamine. He was sentenced to 71 months of imprisonment, four years of supervised release, and a $100 special assessment. Because the Government does not seek to invoke Hamilton's appeal waiver, it is not binding. See United States v. Story, 439 F.3d 226, 230-31 (5th Cir. 2006).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hamilton argues on appeal that his post-<u>Booker</u>** sentence was unconstitutional under <u>Booker</u> because it was increased based on facts that were not admitted by him or found by a jury.  He contends that the district court's use of the Guidelines violated the Sixth Amendment, even if the district court labeled them as advisory only, because "[t]he district court continues to use the guidelines in a mandatory fashion."

By rendering the Guidelines advisory only, <u>Booker</u> eliminated the Sixth Amendment concerns that prohibited a sentencing judge from finding all facts relevant to sentencing.  <u>United States v. Mares</u>, 402 F.3d 511, 519 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 43 (2005).  Hamilton was sentenced under a post-<u>Booker</u> advisory guidelines system, and there is no indication in the record that the district court erroneously treated the Guidelines as mandatory.  Therefore, Hamilton's argument lacks merit.

AFFIRMED.

---

** <u>United States v. Booker</u>, 543 U.S. 220 (2005).