**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 4, 2009

Charles R. Fulbruge III
Clerk

No. 07-51478
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JOSE ANGEL SALAS,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:06-CR-553-3

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Angel Salas appeals the 180-month sentence following his guilty-plea conviction for conspiracy to distribute crack cocaine within 1000 feet of a school. As an initial matter, the Government argues that the waiver of appeal provision in Salas's plea agreement bars consideration of this appeal. We pretermit discussion of the waiver issue, which does not affect our jurisdiction, because Salas is not entitled to relief on the merits. *See United States v. Story*, 439 F.3d 226, 230-31 (5th Cir. 2006).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Salas contends that the district court erred in imposing a four-level enhancement pursuant to U.S.S.G. § 3B1.1(a). Under § 3B1.1(a), a defendant's offense level should be increased by four levels "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S. SENTENCING GUIDELINES MANUAL § 3B1.1(a) (2007). Participation in the offense is not evaluated with reference to the entire criminal enterprise. *United States v. Garcia*, 242 F.3d 593, 598 (5th Cir. 2001). Rather, the relevant question is "whether a defendant's involvement is comparable to that of an 'average participant.'" *Id.*

Both the presentence report (PSR) and the testimony at the sentencing hearing showed that Salas (1) provided the drugs to others for distribution; (2) led, supervised, and monitored at least five other participants, and (3) presided over one of the drug houses. Moreover, several of Salas's codefendants characterized him as a leader-organizer.

Salas failed to offer any evidence to rebut the PSR's findings, and the district court was free to adopt the PSR and rely on the factual findings contained therein. *See United States v. Carbajal*, 290 F.3d 277, 287 (5th Cir. 2002). Nor has he shown that the information relied upon by the district court was "materially untrue." *United States v. Davis*, 76 F.3d 82, 84 (5th Cir. 1996). The district court did not clearly err in imposing the enhancement. *See United States v. Rose*, 449 F.3d 627, 633 (5th Cir. 2006).

AFFIRMED.