# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 6, 2010

No. 09-41273
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

REY DAVID HEREVIA, also known as Ray David Barrios Herebia,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:09-CR-845-1

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Rey David Herevia challenges his within-guidelines sentence of 57 months' imprisonment, imposed following his guilty-plea conviction for illegally reentering the United States after having been removed following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326. Herevia claims his sentence was unreasonable both because of the age of the offense used to enhance his sentence and because of his assimilation in the United States. As

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a part of his written plea agreement, however, Herevia waived his right to appeal his sentence or the manner in which it was determined on any ground.

On appeal, Herevia does *not* challenge the validity of the appeal waiver, but instead contends that the Government has not adequately sought to enforce it. We disagree. The Government has asserted in its brief that it seeks enforcement of the waiver, and that it bars this appeal. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006). Although a valid appeal waiver does *not* implicate our jurisdiction, *see id*. at 230, Herevia's appeal of his sentence is clearly barred by the waiver.

DISMISSED.