# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 22, 2013

No. 12-20683
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRYAN ANDREW THERIOT,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-470-2

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Bryan Andrew Theriot appeals the sentence imposed following his guilty plea conviction for conspiring to maintain a place for the purposes of manufacturing controlled substances. He was sentenced to eighty-seven months of imprisonment and three years of supervised release. He contends that the district court unconstitutionally relied on facts not proved beyond a reasonable doubt to increase his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20683

The Government moves to dismiss the appeal as barred by Theriot's appeal waiver. Theriot acknowledges that he "signed a plea agreement that included a waiver of his right to appeal his sentence." He also concedes that "the enforceability of waiving a his right to appeal has been foreclosed by this court, but includes it for a possible *writ of certiorari* to the United States Supreme where the issue has yet to be determined." However, he nonetheless argues that the waiver is invalid because "[u]nless the defendant is clairvoyant, it is literally impossible to waive the right to appeal the sentence knowingly and intelligently before the sentence has actually been imposed."

Theriot's waiver challenge is unavailing. *See United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992) ("The Supreme Court has repeatedly recognized that a defendant may waive constitutional rights as part of a plea bargaining agreement."). Theriot knowingly and voluntarily waived his right to appeal his sentence. *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994). There is no relevant exception to the appeal waiver. The Government complied with its obligations in the plea agreement and has invoked the appeal waiver to bar Theriot's appeal. Therefore, Theriot is bound by the appeal waiver, which bars the instant appeal. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006); *United States v. Keresztury*, 293 F.3d 750, 755-57 (5th Cir. 2002).

The judgment of the district court is AFFIRMED. The Government's motion to dismiss the appeal is DENIED, and the Government's alternative motion for an extension of time to file a brief is DENIED as moot.