# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 20, 2013

No. 13-40163
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELIGIO CARBAJAL-MENDOZA,

Defendant - Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:12-CR-783-1

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Eligio Carbajal-Mendoza pleaded guilty, pursuant to a plea agreement, to one count of illegal reentry following a previous deportation. Per his agreement, Carbajal-Mendoza "waive[d] the right to appeal the sentence imposed or the manner in which it was determined on any grounds set forth in 18 U.S.C. § 3742." The district court sentenced Carbajal-Mendoza to 18 months of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40163

imprisonment and three years of supervised release. Carbajal-Mendoza timely appealed.

The Government's motion for summary affirmance is DENIED. Its alternative motion for an extension of time within which to file a brief is DENIED as unnecessary as the arguments are adequately addressed in the Government's motion and Carbajal-Mendoza's brief.

Carbajal-Mendoza acknowledges that he freely and voluntarily waived the right to appeal his sentence via his plea agreement. He argues, however, that the appeal waiver should not be enforced because it would result in a miscarriage of justice since the district court overreached its authority in determining that he would not receive credit for any time spent in state custody. The Government contends that Carbajal-Mendoza points to no authority from this court providing for a miscarriage-of-justice exception to an appeal waiver. The Government further contends enforcement of the waiver would not result in a miscarriage of justice since the district court did not have the authority to credit Carbajal-Mendoza's federal sentence with the time he spent in state custody.

Because Carbajal-Mendoza's challenge to his sentence lacks merit, we pretermit the issue of whether his appeal waiver bars the instant appeal. *See United States v. Story*, 439 F.3d 226, 230-31 (5th Cir. 2006). As the Government correctly argues, the district court did not have the authority to credit Carbajal-Mendoza's sentence for the time spent in state custody; credit awards under 18 U.S.C. § 3585 are to be made by the Attorney General through the Bureau of Prisons (BOP). *See United States v. Wilson*, 503 U.S. 329, 333-36 (1992). Thus, the district court's determination that Carbajal-Mendoza is not entitled to receive any credit for the time he spent in state custody is not binding on the BOP. As the Government concedes, Carbajal-Mendoza may request and, if

No. 13-40163

appropriate, receive from the BOP any credit to which he is entitled. Accordingly, the judgment of the district court is AFFIRMED.