# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40913
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 16, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERTO BAHENA-GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:12-CR-7

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Roberto Bahena-Garcia pleaded guilty pursuant to a plea agreement to one count of conspiracy to distribute and to possess with intent to distribute 1,000 or more marijuana plants. He was sentenced to the statutory minimum sentence of 120 months of imprisonment and five years of supervised release. The district court denied Bahena-Garcia's motion to withdraw his guilty plea.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40913

Bahena-Garcia contends that the district court abused its discretion by denying his motion to withdraw and by failing to hold an evidentiary hearing on that motion.  He maintains that his plea was not knowing and voluntary because his initial attorney did not correctly advise him about his sentencing exposure and did not inform him about the requisite proof for a dismissed count (i.e., an offense under 18 U.S.C. § 924) and a sentencing enhancement to which the parties stipulated in the plea agreement (i.e., a two-level increase pursuant to U.S.S.G. § 2D1.1(b)(1)).  Bahena-Garcia further contends that he did not inordinately delay in filing his motion to withdraw; that the Government would not be substantially prejudiced by withdrawal of his plea; and that withdrawal of his plea would not significantly inconvenience the district court or waste an unusual amount of judicial resources.  He admits that he has not asserted his innocence.  We need not determine whether the appellate waiver provision in Bahena-Garcia's plea agreement bars this appeal because the Government has not sought to enforce the waiver.  *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006).

We review the district court's decision to deny a motion to withdraw for abuse of discretion.  *United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009).  A review of the record, Bahena-Garcia's arguments, and the factors listed in *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984), establishes that the district court did not abuse its discretion in denying Bahena-Garcia's motion.  *See id.*  As Bahena-Garcia did not allege sufficient facts to justify relief on his claim, the district court did not abuse its discretion by not holding an evidentiary hearing before denying the motion.  *See United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003).

AFFIRMED.