# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-50709
Consolidated With No. 12-50725
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 3, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOHN MICHAEL GUADARRAMA,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:12-CR-32-1
USDC No. 4:12-CR-33-2

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

John Michael Guadarrama appeals his convictions for conspiracy to possess with intent to distribute cocaine and possession of a firearm by a convicted felon. He contends that the district court denied his procedural due process right to a mental competency evaluation prior to sentencing. He does not allege that he was incompetent at the time of his guilty plea. Because the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Government waives its right to enforce the appeal waivers in Guadarrama's plea agreements, we need not decide whether the waiver provisions would bar the instant appeal. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006).

Guadarrama's written motions for a psychological evaluation and a continuance of the sentencing hearing asserted that he "may presently be suffering from a mental disease or defect" that required "custody for care or treatment in a suitable facility." The motions did not allege facts suggesting that he was unable to understand the proceedings against him or assist in his defense. Likewise, the presentence report (PSR) indicated that Guadarrama suffered from bipolar disorder, anger management issues, and possibly depression, but did not suggest that he would be unable to understand the sentencing proceeding or assist his attorney in preparing for it.

Guadarrama himself testified that he was taking prescription medication for his mental illness. His responses to questions from the district court indicated that he understood the nature of the proceedings and that he was able to assist his attorney in his defense. For example, he affirmed having reviewed the PSR with counsel prior to the sentencing hearing. He recalled reviewing the factual basis for his guilty plea with the magistrate judge during his rearraignment. He recognized that the magistrate judge's role had been to "[b]e a judge," along with his own role as "[t]he defendant" who had pleaded guilty. He also identified his attorney's role.

Additionally, the prosecutor described how Guadarrama participated during several pre-trial hearings and objected during one that the potential lawyer for a co-defendant should be disqualified because he previously represented Guadarrama. The prosecutor advised the district court that

No. 12-50709
c/w No. 12-50725

Guadarrama "understands what is going on here," though "he's probably under stress considering he is being sentenced today."

Although letters were presented to the district court describing Guadarrama as suffering from violent outbursts and asserting that he had been hearing voices telling him to harm others, there was no indication of agitation or hostility in his responses to the district court's questioning. Nor did the defense present any prior medical opinion that Guadarrama was unable to understand the proceedings or participate in his defense. *Cf. Bouchillon v. Collins*, 907 F.2d 589, 593 (5th Cir. 1990) (noting that not all people suffering from mental illness are legally incompetent). On balance, the district court was not presented with reasonable cause to doubt either Guadarrama's understanding of the proceedings or his ability to assist in his defense, and the court did not abuse its discretion in denying a psychological evaluation. *See Drope v. Missouri*, 420 U.S. 162, 180 (1975); *United States v. Flores-Martinez*, 677 F.3d 699, 706 (5th Cir. 2012); *United States v. Williams*, 998 F.2d 258, 265-66 & n.18 (5th Cir. 1993).

AFFIRMED.