# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11348
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 17, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAUL ROBERTO RAMIREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-412

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Raul Roberto Ramirez challenges the voluntariness of his guilty plea conviction for conspiracy to possess 500 grams or more of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 846, as well as the substantive reasonableness of his within-Guidelines sentence. He argues that the appeal waiver and his guilty plea are both involuntary because he was not properly admonished during rearraignment as to the minimum sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11348

the court could impose in violation of Rule 11 of the Federal Rules of Criminal Procedure. FED. R. CRIM. P. 11(b)(1)(I). After Ramirez filed his opening brief, however, the court reporter filed in the district court a revised rearraignment transcript, and we granted the government's unopposed motion to supplement the record with the amended transcript, which corrects "a scrivener's error." *See* FED. R. APP. P. 10(e)(2). Ramirez does not challenge the accuracy of the amended transcript.

The record as supplemented by the amended transcript demonstrates that Ramirez was correctly admonished that he faced a term of imprisonment of not less than ten years. *See* § 841(b)(1)(A). As the record does not show a Rule 11 violation, Ramirez has not established that his guilty plea or the appeal waiver were involuntary, and the appeal waiver, which the government seeks to invoke, bars Ramirez from challenging the substantive reasonableness of his sentence. *United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006) (holding that an appeal waiver is enforceable to the extent that the government invokes it).

Accordingly, the judgment of the district court is AFFIRMED.