# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30694
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RUFUS JOHNSON,

Defendant - Appellant

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CR-238-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Rufus Johnson appeals his guilty plea convictions for conspiracy to commit honest services fraud, mail fraud, and wire fraud; conspiracy to use interstate transportation in aid of a racketeering enterprise; conspiracy to commit unauthorized access to a protected computer; conspiracy to obstruct justice; and making false statements. Johnson contends that he was denied due process when the district court refused his request for Criminal Justice

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30694

Act (CJA) funds for a psychiatric evaluation as a predicate for a competency hearing.[1]  *See* 18 U.S.C. § 3006A(e)(1).  The Government asks us to enforce the appellate waiver contained in Johnson's plea agreement.  Given the nature of Johnson's claim of error, we decline to do so.  *See United States v. Story*, 439 F.3d 226, 230 (5th Cir. 2006).

A district court's denial of a defendant's request for funds under the CJA is reviewed for an abuse of discretion.  *See United States v. Boyd*, 773 F.3d 637, 642-43 (5th Cir. 2014).  It is the defendant's burden to demonstrate that the requested services are necessary.  *Id.* at 642; *see* § 3006A(e)(1).  To establish the requisite necessity, the defendant "must demonstrate with specificity, the reasons why such services are required." *United States v. Gadison*, 8 F.3d 186, 191 (5th Cir. 1993) (emphasis omitted).

As evidence of his mental incompetence—and, thus, his need for a psychiatric evaluation—Johnson cites his "irrational" decision, following the testimony of the first two trial witnesses, to plead guilty as charged to almost all counts of the indictment without any promise as to sentencing when he had earlier rejected a considerably more lenient offer in favor of going to trial.  He also points to his combative and unproductive relationship with one of his trial counsels, including his rejection of advice that he deemed contrary to the wishes of God.

Neither counsel's belief that Johnson's decision to plead guilty at trial was irrational nor Johnson's rejection of counsel's emphatic advice to accept the Government's plea offer—which Johnson based on his prior acquittal in a federal fraud trial as well as supposed evidentiary weakness in the Government's case—sufficed to raise a legitimate concern as to Johnson's

---

[1] Johnson does not challenge the district court's denial of his requests for a competency hearing or a psychiatric evaluation per se.

No. 17-30694

competence. *See United States v. Flores-Martinez*, 677 F.3d 699, 707 (5th Cir. 2012); *United States v. Simpson*, 645 F.3d 300, 306 (5th Cir. 2011); *Wood v. Quarterman*, 491 F.3d 196, 205 (5th Cir. 2007). To the contrary, it is evident from Johnson's interactions with the district court—at the plea hearing in which he rejected the Government's initial offer, at the ex parte hearing on competence requested by counsel, at his rearraignment, and at sentencing— that he possessed "the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense[.]" *Flores-Martinez*, 677 F.3d at 705 (quoting *Drope v. Missouri*, 420 U.S. 162, 171 (1975)). Notably, Johnson's decision to plead guilty at trial followed the damaging testimony of one of his former employees. In addition, Johnson concedes that his medical records reflect no history of mental illness or treatment.

Johnson has not met his burden, on this record, of demonstrating that a psychiatric evaluation was necessary. *See Boyd*, 773 F.3d at 642; § 3006A(e)(1). He therefore fails to show that the district court abused its discretion by denying his request for CJA funds. *See Boyd*, 773 F.3d at 642-44. Accordingly, the judgment is AFFIRMED.