# Supreme Court of Kentucky

## 2018-SC-000631-MR

JEFFREY ROWLAND            APPELLANT

ON APPEAL FROM CLARK CIRCUIT COURT
V.          HONORABLE JEAN CHENAULT LOGUE, JUDGE
NO. 16-CR-00127

COMMONWEALTH OF KENTUCKY            APPELLEE

## ORDER

On the Court's own motion, this Court hereby modifies the Opinion of the Court by Justice VanMeter rendered December 19, 2019 in the above styled case by the substitution of a new opinion as attached hereto in lieu of the Opinion of the Court as originally entered. Said modification does not affect the holding, and is made only to reflect a clerical error within the vote line on page 5.

ENTERED: December 20, 2019

CHIEF JUSTICE JOHN D. MINTON, JR.

# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

# Supreme Court of Kentucky

2018-SC-000631-MR



JEFFREY ROWLAND

APPELLANT

ON APPEAL FROM CLARK CIRCUIT COURT
V.       HONORABLE JEAN CHENAULT LOGUE, JUDGE
NO. 16-CR-00127

COMMONWEALTH OF KENTUCKY

APPELLEE

## MEMORANDUM OPINION OF THE COURT

### DISMISSING

In 2018, Jeffrey Rowland was tried for, and convicted of, first-degree rape and first-degree kidnapping of his wife. Before the sentencing phase of trial, Jeffrey Rowland entered into a plea deal with the Commonwealth, whereby he waived jury sentencing in exchange for a total of twenty-years' imprisonment (ten years on each count, to run consecutively), and waived his right to appeal any and all trial and pre-trial evidentiary and procedural errors. Rowland then filed this appeal as a matter of right,[1] claiming the trial court committed error

---

[1] Ky. Const. § 110(2)(b).

in admitting certain evidence. Because Rowland waived his right to appeal the issues he now raises, we dismiss this appeal.[2]

Recitation of Rowland's conduct leading to the aforementioned convictions is unnecessary. Suffice it to say that a jury convicted Rowland of first-degree rape and first-degree kidnapping, for which he faced up to forty years of violent offender time. *See* KRS[3] 509.040; KRS 510.040; KRS 532.060. Pursuant to his plea deal, Rowland received half the sentencing time he could have received from a jury. The Commonwealth likewise benefitted from the plea deal: without Rowland's express waiver of his right to appeal, the Commonwealth faced the risk of reversal and remand.

As a fundamental right in our legal system, in all criminal prosecutions a defendant has a right to a trial by jury. KRS 29A.270; U.S. Const., amend. VI. Rowland was entitled to, and received, this right. "Under Kentucky law, a criminal defendant has a statutory right to have his sentence set by a jury." *Hammond v. Commonwealth*, 569 S.W.3d 404, 409 (Ky. 2019) (citation omitted). "Among the rights recognized as requiring the defendant's personal waiver are the rights to plead guilty, waive a jury . . . or take an appeal." *Id.* (citations omitted).

---

[2] On appeal, Rowland has not raised a nonwaivable issue such as subject matter jurisdiction. *See Commonwealth v. Steadman*, 411 S.W.3d 717, 724 (Ky. 2013) ("Almost all issues are subject to waiver, whether from inaction or consent, even in a criminal case . . . . [t]he lone exception to this rule, of course, is when the question is whether the trial court had general *subject-matter* jurisdiction." (citations omitted).

[3] Kentucky Revised Statutes.

2

"To be valid, a guilty plea must be entered intelligently and voluntarily. In determining whether a plea is voluntary, trial courts make a fact-specific inquiry into the totality of the circumstances surrounding the plea." *Id.* at 408 (citations omitted). Rowland does not argue that his plea was anything but intelligently and voluntarily made. Indeed, the videotaped recording of the trial court's plea colloquy reflects the trial court's confirmation on two occasions that Rowland intended to waive his right to appeal any and all trial and pre-trial evidentiary and procedural errors. In the first instance, the colloquy was as follows:

> Trial court: By accepting this offer, as I understand it, then, part of the offer is that you're waiving your right to appeal any and all issues at this trial.
>
> Rowland: Yes ma'am.
>
> Trial court: And certainly your lawyer has made objections, motions for mistrial . . . you would be waiving all of that, you understand. Okay. And you're nodding "yes," my camera isn't picking you up.

The trial court then requested the camera focus on Rowland and proceeded discussing with him the charges and imprisonment time he faced pursuant to the plea deal. The court continued,

> Trial court: You really don't need to plead guilty in this case. I think that . . . I want to make sure you understand all your constitutional rights, and we've gone over those before. And Ms. Brown [defense counsel], you have gone over those with Mr. Rowland?
>
> Ms. Brown: Yes, your Honor.[4]

---

[4] Notably, this was the second time defense counsel had discussed with Rowland the rights he would be waiving by pleading; he had previously considered and

3

> Trial court: And you are now at this point in the trial waiving those rights, which means the right to appeal this case, the right to call further witnesses in this case, to present any additional evidence or certainly cross-examine anyone that did present evidence. Well, there won't be any more evidence, so you'll be giving up all rights going forward. Is that what you wish to do?
>
> Rowland: Yes, ma'am.
>
> Trial court: Alright.

Nothing in the record suggests that Rowland's plea was involuntary. Nor does anything in the record indicate that at the time of his plea, Rowland wished to reserve any issues for appeal. Rather, his response to the Commonwealth's argument for dismissal of this appeal is that the Commonwealth waived this objection by not raising it in response to his filing of a Notice of Appeal. However, Rowland cites no legal authority in support of his assertion that the Commonwealth's Motion to Dismiss Appeal and its appellate brief requesting dismissal is belated or somehow insufficient to preserve this issue for our review.[5]

"Generally, plea agreements in criminal cases are contracts between the accused and the Commonwealth, and are interpreted according to ordinary contract principles." *Hammond*, 569 S.W.3d at 409 (citation omitted). "The

---

was prepared to agree to a plea pre-trial after discussions with his counsel. However, he changed his mind at the last minute and chose to proceed to trial.

[5] Rowland cites *United States v. Story*, 439 F.3d 226 (5th Cir. 2006) to support his argument that terms of a plea bargain, such as a waiver of right to appeal, may be waived by the government. The decision in *Story*, however, does not support Rowland's position. In *Story*, the government failed to mention the waiver of appeal in its brief. *Id.* at 229. By contrast, the Commonwealth's brief presents Rowland's waiver of appeal as its first argument.

general rule of law is that a court's construction of a contract should be controlled by the intention of the parties." *Id.* (citation omitted). By entering into the plea agreement and waiving jury sentencing, Rowland made a knowing and voluntary decision to avoid a potentially longer sentence by agreeing to a twenty-year sentence. Rowland bargained with the Commonwealth to receive a lesser sentence than he would have otherwise been eligible for, and he accepted and received the bargained-for sentence. And, the Commonwealth sought to avoid the possibility that the jury would recommend a lighter sentence, or that Rowland's convictions would be reversed on appeal. The Commonwealth is entitled to enjoy the benefits of its bargain too.

The parties' intention in entering the plea agreement is clear and both parties rationally determined that the agreement furthered their interests. As part of the plea agreement, Rowland expressly waived his right to appeal the issues he now raises. For this reason, we dismiss this appeal.

Minton, C.J.; Hughes, Keller, Lambert, VanMeter and Wright, JJ., sitting. All concur. Nickell, J., not sitting.

COUNSEL FOR APPELLANT:

Karen Shuff Maurer
Assistant Public Advocate
DEPARTMENT OF PUBLIC ADVOCACY

COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Joseph A. Newberg II
Assistant Attorney General