# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 20, 2020

Lyle W. Cayce
Clerk

No. 19-50700
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

RAFAEL ALVAREZ, JR.,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-262-2

Before OWEN, Chief Judge, and SOUTHWICK and WILLETT, Circuit Judges.
PER CURIAM:[*]

Rafael Alvarez, Jr., pleaded guilty pursuant to a plea agreement to one count of conspiracy to distribute and possess with intent to distribute cocaine and one count of possession of a firearm in furtherance of a drug trafficking crime. After the district court determined that he qualified as a career offender under the sentencing guidelines, Alvarez was sentenced to 151 months of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imprisonment on the drug conspiracy count and a consecutive term of five years of imprisonment on the firearm count.

We first note that the appeal waiver provision in Alvarez's plea agreement does not bar this appeal because the Government has not sought to enforce it. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006). However, the only issues Alvarez argues on appeal are claims that his trial counsel was ineffective for failing to raise several possible objections to the application of the career offender guideline. Because Alvarez did not raise such claims in the district court, we conclude that this is not one of the "rare cases" where the record is sufficiently developed to allow consideration of ineffective assistance of counsel claims on direct appeal. *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). Thus, we decline to consider his claims without prejudice to Alvarez's right to seek collateral review. *See id.*

AFFIRMED.