# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 19, 2022

Lyle W. Cayce
Clerk

No. 20-40828
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

AXEL NOEL RODRIGUEZ RIVERA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:20-CR-467-1

Before BARKSDALE, HIGGINSON, and HO, *Circuit Judges*.

PER CURIAM:*

Axel Noel Rodriguez Rivera pleaded guilty to conspiracy to possess, with intent to distribute, five kilograms or more of mixture or substance containing cocaine, in violation of 8 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40828

He was sentenced to, *inter alia*, 120-months' imprisonment (the statutory minimum, as discussed *infra*).

Proceeding *pro se*, Rivera asserts the district court erred in calculating his criminal history score and resulting Sentencing Guidelines range. We need not decide whether the appeal waiver in Rivera's plea agreement bars his challenge because it does not affect our jurisdiction and it "is easily resolved on the merits". *United States v. Graves*, 908 F.3d 137, 140 (5th Cir. 2018) (declining to resolve appeal-waiver issue when easily resolved on merits); *United States v. Story*, 439 F.3d 226, 230–31 (5th Cir. 2006) (explaining appeal waivers do not deprive our court of jurisdiction). (To the extent that Rivera attempts to raise a challenge based on the statutory enhancement for prior offenses, his assertion is meritless because the district court did not apply that enhancement. *See* 21 U.S.C. § 841(b)(1)(A) (providing 10-year minimum for violation with no enhancement and 15-year minimum if defendant has prior conviction for serious drug felony).)

Because Rivera did not raise his sentencing issue in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Rivera must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

Rivera's assertion that the court erred in calculating his criminal-history score because he did not commit a serious drug felony lacks merit. The calculation of the criminal-history score had nothing to do with whether Rivera's prior offenses were serious drug felonies. Instead, under Guidelines § 4A1.1 (criminal-history category) and § 4A1.2 (definitions and instructions

for computing criminal history), the court assigns points to each prior conviction based on the length of the sentence imposed and when it was imposed or discharged.  Under § 4A1.1(d), "[t]wo points are added if the defendant committed any part of the instant offense . . . while under any criminal justice sentence, including probation".  Guideline § 4A1.1 cmt. n.4.  The probation officer and the court followed the proper methodology.  There was no clear or obvious error.

AFFIRMED.