# United States Court of Appeals for the Fifth Circuit

---

No. 24-10064
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

June 27, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Isaac Joel Chavez,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:23-CR-45-1

---

Before Davis, Willett, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Isaac Joel Chavez was sentenced to 97 months of imprisonment after pleading guilty to possessing a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). On appeal, he argues for the first time that § 922(g)(1) is unconstitutional because it violates the Second Amendment in light of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10064

because, as interpreted by this court, the statute exceeds Congress's authority under the Commerce Clause.[1] The Government has moved without opposition for summary affirmance or, in the alternative, an extension of time in which to file a brief.

As Chavez concedes, his unpreserved *Bruen* challenge is foreclosed by our opinion in *United States v. Jones*, 88 F.4th 571 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1081 (2024), which rejected another such challenge on the ground that any error was not plain. 88 F.4th at 573-74. *Jones* also rejected the argument made here that § 922(g)(1) is unconstitutional under the Commerce Clause. *See id.* at 573. Chavez acknowledges that his claims are unavailing under current law but seeks to preserve them for further review.

Because "there can be no substantial question as to the outcome of the case," summary affirmance is appropriate. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for an extension of time is DENIED, and the judgment of the district court is AFFIRMED.

––––––––––––––––––––––––––––––

[1] Chavez also contends that the appeal waiver in his plea agreement is not enforceable against these claims, but we need not and do not address that issue. *See United States v. Story*, 439 F.3d 226, 230-31 (5th Cir. 2006).