# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2015

No. 14-10969
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

HONG JAE KIM,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-50-1

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Hong Jae Kim pleaded guilty to conspiracy to engage in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. §§ 1956(h) and 1957. Kim was sentenced, *inter alia*, to 120 months' imprisonment. He contends, for the first time on appeal: his guilty plea was unknowing because he did not understand the factual resume, and counsel failed to inform him of the immigration consequences of his conviction; his

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-10969

appeal waiver is invalid because he was forced to waive his right to appeal in order to receive a reduction for acceptance of responsibility, and counsel failed to inform him of the immigration consequences of his conviction; and, the Government made direct use of proffer information in violation of Sentencing Guideline § 1B1.8 (limiting what self-incriminating information can be used to determine a Guidelines sentencing range).

Because Kim did not raise these issues in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Kim must show a forfeited plain (clear or obvious) error affecting his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

Kim fails to demonstrate the court committed a clear-or-obvious error by accepting his guilty plea as knowing. At his rearraignment, Kim acknowledged: he understood, signed, and read the factual resume outlining his conduct; the facts provided in the resume were true and correct; and, he had discussed them with his attorney. He also stated that he understood he could be sentenced to a term of up to ten years' imprisonment and a fine not to exceed $250,000.

Kim's sworn statements at rearraignment "carry a strong presumption of verity". *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Nothing about the circumstances surrounding the plea indicate he lacked "a full understanding of what the plea connote[d] and of its consequence". *Boykin v. Alabama*, 395 U.S. 238, 244 (1969); *see also United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990) (defendant aware of plea's consequences when he understood length of time he may receive). Kim's post-rearraignment statements that he did not

understand the factual resume were uncorroborated and inconsistent with these sworn statements.

Kim's contentions regarding *Padilla v. Kentucky*, 559 U.S. 356 (2010) (holding counsel must inform client of deportation consequences of guilty plea), suffer from several flaws.  First, as Kim does not explain why *Padilla* applies to the facts of his case, his assertions are arguably waived by virtue of inadequate briefing.  *See United States v. Reagan*, 596 F.3d 251, 254–55 (5th Cir. 2010).  Second, at rearraignment, the court asked if Kim and his attorney discussed the plea's impact upon Kim's legal status; Kim answered "Yes".  Finally, the record is not sufficiently developed to determine whether counsel rendered ineffective assistance based on *Padilla* because Kim did not raise that claim in district court.  *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 123 (2014).

Kim does not support his assertion that he was forced to waive his right to appeal in order to receive a reduction for acceptance of responsibility under Guideline § 3E1.1(b).  He fails to demonstrate clear-or-obvious error with respect to the validity of his appeal waiver.  Therefore, his claim that the Government made direct use of proffer information in violation of § 1B1.8 is barred by that waiver.  *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006); *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994).

AFFIRMED.