# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40283
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 25, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL ESPARZA-SALAZAR,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:17-CR-644-1

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Miguel Esparza-Salazar appeals the below-guidelines sentence of 84 months of imprisonment for his conviction of illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) & (b)(1). After Esparza-Salazar pleaded guilty and the district court accepted the plea, he and the Government entered a so-called "plea agreement" that contained, in part, a sentencing recommendation. The agreement also contained an appeal waiver, which the Government now

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40283

seeks to enforce.  Esparza-Salazar argues that the appeal waiver is ineffective because the district court failed to review its terms with him, as required by Federal Rule of Criminal Procedure 11(b)(1)(N).  Because the appeal waiver is ineffective, Esparza-Salazar argues, this court can consider the merits of his appeal.  As to the merits, Esparza-Salazar argues that the district court improperly sentenced him to more than two years of imprisonment because the § 1326(b) statutory enhancement is unconstitutional, particularly where, as here, it was not pleaded in the indictment and proven beyond a reasonable doubt.  Esparza-Salazar correctly concedes that the issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but seeks to preserve the argument for possible Supreme Court review.

In the interest of judicial efficiency, we pretermit the non-jurisdictional appeal waiver issue and proceed to the merits.  *See United States v. Story*, 439 F.3d 226, 230-31 (5th Cir. 2006).  In *Almendarez-Torres*, 523 U.S. at 239-47, the Supreme Court held that for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in the indictment or found by a jury beyond a reasonable doubt.  We have held that subsequent Supreme Court decisions did not overrule *Almendarez-Torres*.  *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007).

Because Esparza-Salazar's sole argument on the merits is foreclosed, we AFFIRM the judgment of the district court.

2