# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40793
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 9, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MATTHEW JOSEPH LUCIO,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:18-CR-167-1

Before BENAVIDES, DENNIS, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Matthew Joseph Lucio pleaded guilty, pursuant to a plea agreement, to two counts of production of child pornography and two counts of enticing a minor to engage in sexual activity. The district court sentenced him within the advisory guidelines range to 30 years of imprisonment on the child pornography charges and life imprisonment on the enticement charges, all such terms to run concurrently. Lucio now challenges his guilty plea

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

convictions on two related grounds, to wit: (1) his guilty plea was not made knowingly, voluntarily, and intelligently and thus he was deprived of due process because his plea agreement lacked consideration; and (2) the district court violated Federal Rule of Criminal Procedure 11(b)(2) by accepting his involuntary guilty plea.

The Government urges this court to dismiss the appeal on the basis that Lucio waived the right to appeal his convictions and sentences as part of his plea agreement. However, because we conclude that Lucio's challenges to his convictions fail on the merits, we pretermit the question whether the waiver bars the instant appeal. *See United States v. Story*, 439 F.3d 226, 230–31 (5th Cir. 2006).

The record of Lucio's rearraignment reflects that he acknowledged, under oath, that he understood the consequences of his plea—including the maximum sentence that could be imposed—and that he was pleading voluntarily, that no one had threatened him or forced him to plead guilty, and that no one had made any promises about his case other than what was provided in the written plea agreement. Lucio's "solemn declarations in open court . . . carry a strong presumption of verity." *United States v. Palmer*, 456 F.3d 484, 491 (5th Cir. 2006) (internal quotation marks, brackets, and citations omitted). In addition, this court has never expressly held that consideration is required to support a valid plea bargain. *See United States v. Smallwood*, 920 F.2d 1231, 1239 (5th Cir. 1991). Moreover, Lucio's arguments discount the Government's promises in the plea agreement to recommend a within-guidelines sentence; to move for the additional one-level reduction for acceptance of responsibility under the Guidelines; and to file a motion urging the court to consider a reduction of Lucio's sentence if the Government concluded that he had provided substantial assistance in the investigation or

No. 18-40793

prosecution of others. As those promises bound the Government to do something it was not otherwise required to do and offered Lucio the chance of a reduced sentence, Lucio has not shown that the Government's promises were illusory or that his bargain lacked consideration. His arguments do not establish any error or due process violation concerning his plea of guilty. *See United States v. Washington*, 480 F.3d 309, 315–16 (5th Cir. 2007).

Nor has Lucio shown that the district court violated Rule 11(b)(2) by accepting an involuntary guilty plea. As Lucio concedes, because this issue is raised for the first time on appeal, our review is for plain error. *See United States v. Vonn*, 535 U.S. 55, 58–59 (2002). Here, in compliance with Rule 11, the magistrate judge addressed Lucio personally in open court and specifically asked him about the voluntariness of his plea. *See* FED. R. CRIM. P. 11(b)(2). Lucio cites no authority in support of his contention that district courts have a duty to ensure that any plea agreement in fact has a bargained-for quid pro quo, and nothing in the language of Rule 11(b)(2) requires same. *See id.* He thus has not shown an error that is "clear or obvious, rather than subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (2009); *see also United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010).

The judgment of the district court is AFFIRMED.