# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 1, 2021

Lyle W. Cayce
Clerk

No. 19-10383

United States of America,

*Plaintiff—Appellee*,

*versus*

Quinton Walker,

*Defendant—Appellant*.

Appeal from the United States Court
for the Northern District of Texas
USDC No. 3:14-CR-210-9

Before Higginbotham, Costa, and Oldham, *Circuit Judges*.

Per Curiam:*

Quinton Walker pleaded guilty, pursuant to a plea agreement, to possession with intent to distribute cocaine. The plea agreement omitted any discussion of forfeiture. Subsequently, the Government refused to move for a third-level reduction in Walker's offense level under U.S.S.G. § 3E1.1(b) for acceptance of responsibility unless Walker acquiesced to forfeiture.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-10383

Walker then waived his interest in forfeiture, and the Government moved for the reduction, which the district court granted. The district court sentenced Walker to 87 months in prison and three years of supervised release, and the court ordered him to forfeit $13,429.

In his sole issue on appeal, Walker asserts that the district court erred by allowing the Government to withhold a third-level reduction under U.S.S.G. § 3E1.1(b) until he agreed to waive forfeiture.[1] Because Walker did not raise this argument before the district court, our review is for plain error.[2] To show plain error, Walker must show that an error occurred, the error was clear or obvious rather than subject to reasonable dispute, and the error affected his substantial rights.[3] If he makes such a showing, this Court has the discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."[4]

Section 3E1.1(a) decreases the offense level by two levels if a "defendant clearly demonstrates acceptance of responsibility for his offense."[5] Section 3E1.1(b) allows for a further reduction of one level if the offense level prior to an acceptance-of-responsibility reduction is 16 or more and if the Government moves for such a reduction, representing that the defendant "has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea

---

[1] Walker's plea agreement contained an appeal waiver. But the Government does not invoke the appeal waiver here, so we need not consider whether the waiver bars our review of Walker's forfeiture argument. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006).

[2] *United States v. Mudekunye*, 646 F.3d 281, 287 (5th Cir. 2011) (per curiam).

[3] *Puckett v. United States*, 556 U.S. 129, 135 (2009).

[4] *Id.* (cleaned up).

[5] U.S.S.G. § 3E1.1(a).

No. 19-10383

of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."[6] The "government should not withhold [a § 3E1.1(b)] motion based on interests not identified in § 3E1.1, such as whether the defendant agrees to waive his or her right to appeal."[7]

As Walker concedes, this Court has not squarely addressed the issue of whether the Government can condition a § 3E1.1(b) motion on the defendant agreeing to a forfeiture of property. We therefore cannot conclude the district court plainly erred.[8] The judgment of the district court is affirmed.

---

[6] *Id.* § 3E1.1.(b).

[7] *Id.* § 3E1.1, cmt. 6.

[8] *See United States v. Urbina-Fuentes*, 900 F.3d 687, 696 (5th Cir. 2018) ("[I]f a defendant's theory requires the extension of precedent, any potential error could not have been plain." (internal quotation marks and citation omitted)); *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009) ("We ordinarily do not find plain error when we have not previously addressed an issue." (internal quotation marks and citation omitted)).