# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 6, 2022

Lyle W. Cayce
Clerk

No. 20-40807

United States of America,

*Plaintiff—Appellee*,

*versus*

Antonio Gonzalez-Aros,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
No. 5:20-CR-1323-1

Before Jolly, Smith, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Antonio Gonzalez-Aros pleaded guilty of conspiring to transport illegal aliens within the United States.  8 U.S.C. § 1324.  The district court accepted his plea by videoconference because it found that delaying his plea hearing would seriously harm the interests of justice.  But it failed to provide "specific reasons" for that finding as required by the CARES Act, Pub. L.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 116-136, § 15002(b)(2)(A), 134 Stat. 281, 528–29 (2020).  The court also misspoke when it granted the government's request to award Gonzalez-Aros a one-level departure per his plea agreement.

He says both were plain errors.  We disagree and affirm.

I.

In May 2020, Border Patrol agents encountered Gonzalez-Aros at an immigration checkpoint just north of Laredo, Texas.  During an inspection of the semitruck he was driving, a service canine alerted.  A search revealed that he was transporting forty-nine illegal aliens, leading to his arrest.

Gonzalez-Aros agreed to plead guilty of violating § 1324.  As part of the deal, the government promised to recommend a one-level downward departure under Section 5K3.1 of the Sentencing Guidelines for early disposition.

Gonzalez-Aros's plea hearing occurred in July 2020.  Because of the COVID pandemic, the district court accepted his guilty plea by video-conference.  Before doing so, it confirmed that Gonzalez-Aros understood his right to have his plea hearing in person, had consulted with his attorney, and had affirmatively consented to utilizing videoconferencing technology.  As required by the CARES Act, it also found that delaying the hearing would seriously harm the interests of justice.  § 15002(b)(2)(A).  But it failed to provide the "specific reasons" for its finding that the Act also requires.  *Id*.

Gonzalez-Aros was sentenced in November.  The PSR reflected the government's recommendation of a downward departure under Section 5K3.1 but mistakenly stated that the government had recommended a two-level instead of a one-level departure.  The district court noticed that mistake and then applied the correct one-level departure that the government had recommended under the plea.  The court explicitly identified that depar-

ture as the one recommended by the government. But even though it had correctly identified the basis of the recommendation during the plea hearing, the court misspoke at sentencing by suggesting that Gonzalez-Aros was awarded the departure for "attempt[ing] to get these aliens back to their home country." The court then gave a within-guidelines sentence of sixty months.

## II.

Gonzalez-Aros's appeal raises two issues.[1] First, he contends that the district court erred by accepting his plea by videoconference without providing the "specific reasons" required by the CARES Act. Second, he says that the government breached the plea agreement by failing to ask for a one-level downward departure under Section 5K3.1.

Gonzalez-Aros did not preserve these claims, so our review is for plain error. *Puckett v. United States*, 556 U.S. 129, 135 (2009). That requires him to show the errors are "clear or obvious" and affected his "substantial rights." *Id*. Then at the fourth prong, he must persuade us to exercise our discretion and correct the errors because they impugn "the fairness, integrity or public reputation of judicial proceedings." *Id*. (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)). He hasn't met that burden for either issue.

We'll start with the videoconferencing claim. Gonzalez-Aros failed to contend on appeal that this error meets the fourth prong.[2] He has the burden

---

[1] Gonzalez-Aros's plea also included an appeal waiver that the government asks us to apply. But we need not resolve that question because an appeal waiver does not eliminate our jurisdiction, and the merits of his claims are so clear. *United States v. Story*, 439 F.3d 226, 230–31 (5th Cir. 2006).

[2] Although Gonzalez-Aros appears to claim that this error is structural and subject to automatic reversal, the Supreme Court has indicated that even structural errors must satisfy the fourth element of plain error review. In *Johnson v. United States*, 520 U.S. 461, 468–70 (1997), it declined to address whether an unpreserved error was structural because

No. 20-40807

to show that this error meets that requirement. *Greer v. United States*, 141 S. Ct. 2090, 2097 (2021). As a result, he has failed to brief this claim adequately on appeal. And that means he has forfeited it.[3]

Gonzalez-Aros's next claim is frivolous. He says that he failed to receive a benefit he was promised in the plea agreement. False. The government promised only to *request* a one-level downward departure under Section 5K3.1. It fulfilled that obligation. What's more, even if Gonzalez-Aros were entitled to a Section 5K3.1 departure, he received one. The district court granted him the one-level departure requested by the government. During the plea hearing, the court had noted that it was a Section 5K3.1 departure. The court just misspoke at sentencing when it described the reason for the departure. A slip of the tongue alone is hardly an error that can affect Gonzalez-Aros's "substantial rights" or "the fairness, integrity or public reputation of judicial proceedings."

AFFIRMED.

---

the error did not call into question the fairness, integrity, or public reputation of judicial proceedings. That suggests that even structural errors must meet the fourth element of plain error review before a court can correct them. Zachary L. Henderson, *A Comprehensive Consideration of the Structural-Error Doctrine*, 85 Mo. L. Rev. 965, 1005–06 (2020).

[3] *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021); *see also, e.g.*, *United States v. Paris*, 747 F. App'x 257, 258 (5th Cir. 2019) (per curiam) (applying this rule to forfeiture of fourth element of plain-error review).